RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0078p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

KENNETH L. SIMON; LEWIS W. MACKLIN, II; HELEN
YOUNGBLOOD,

　　　　　　　　　*Plaintiffs-Appellants*,

　　　*v.*

MIKE DEWINE; FRANK LAROSE; OHIO REDISTRICTING
COMMISSION; ROBERT R. CUPP; MATTHEW C.
HUFFMAN; KEITH FABER,

　　　　　　　　　*Defendants-Appellees*.

No. 23-3910

─────────────────

Appeal from the United States District Court for the Northern District of Ohio at Youngstown.
No. 4:22-cv-00612—John R. Adams, District Judge.

Decided and Filed:  April 9, 2024

Before:  BATCHELDER, MOORE, and KETHLEDGE, Circuit Judges.

─────────────────

**COUNSEL**

─────────────────

**ON BRIEF:**  Percy Squire, PERCY SQUIRE, Columbus, Ohio, for Appellants.  Bryan B. Lee, Stephen P. Tabatowski, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellees.

─────────────────

**OPINION**

─────────────────

　　　　KAREN NELSON MOORE, Circuit Judge.  Reverend Kenneth Simon, Reverend Lewis W. Macklin, II, and Helen Youngblood (collectively, the "Simon Parties") sued the Ohio Redistricting Commission and several of its members, including Governor Mike DeWine, Secretary of State Frank LaRose, Speaker of the Ohio House of Representatives Robert Cupp,

President of the Ohio Senate Matthew Huffman, and Auditor Keith Faber (collectively, the "Ohio Redistricting Commission"). The Simon Parties allege that Ohio's congressional districts violate section 2 of the Voting Rights Act, the First Amendment, the Fourteenth Amendment, and the Fifteenth Amendment. The Simon Parties moved to convene a three-judge court under 28 U.S.C. § 2284, and the Ohio Redistricting Commission opposed that motion and moved to dismiss the complaint. The district court denied the motion to convene a three-judge court, granted the motions to dismiss, and denied all other pending motions. For the reasons explained below, we **REVERSE** the district court's order denying the motion for a three-judge court, **VACATE** the district court's order granting the motions to dismiss and denying the motion for temporary restraining order and motion for class certification, and **REMAND** the case to the district court with directions for it immediately to initiate the procedures to convene a three-judge court under 28 U.S.C. § 2284.

## I. BACKGROUND

After the 2020 census, the Ohio Redistricting Commission proposed a congressional redistricting map that Ohio Governor Mike DeWine signed into law on November 20, 2021. R. 1 (Compl. ¶¶ 1, 3) (Page ID #3–4). On January 14, 2022, the Ohio Supreme Court invalidated the congressional map in its entirety because it violated the Ohio constitution. *See Adams v. DeWine*, 195 N.E.3d 74, 77 (Ohio 2022). As a result, the Ohio Redistricting Commission was required to draw a new map, which it completed on March 2, 2022 (the "March 2 Map"). R. 1 (Compl. ¶¶ 4–5) (Page ID #4).

On April 15, 2022, the Simon Parties filed suit in federal district court challenging the validity of the March 2 Map under section 2 of the Voting Rights Act and the Constitution. *Id.* ¶ 5 (Page ID #4). The same day, the Simon Parties filed a motion for a three-judge court under 28 U.S.C. § 2284, a motion for class certification, and a motion for temporary restraining order. R. 2 (Mot. for Three-Judge Court at 1–6) (Page ID #462–67); R. 3 (Mot. for Class Cert. at 1–17) (Page ID #471–87); R. 4 (Mot. for TRO at 1–33) (Page ID #488–520). The Ohio Redistricting Commission opposed the motions and filed motions to dismiss the complaint for failure to state a claim. R. 14 (Defs.' Opp'n to Mot. for Three-Judge Panel at 1–3) (Page ID #1045–47); R. 15

(Individual Defs.' Mot. to Dismiss at 1–38) (Page ID #1048–85); R. 18 (Ohio Redistricting Comm'n Mot. to Dismiss at 1–12) (Page ID #1094–105).

One year after the motions were fully briefed, the district court issued an order referring the motions to dismiss to a magistrate judge. R. 25 (6/12/2023 Dist. Ct. Order at 1) (Page ID #1158). The magistrate judge issued a report and recommendation concluding that the district court should dismiss the Simon Parties' claims for failure to state a claim. R. 27 (Rep. & Rec. at 1) (Page ID #1160). The report and recommendation explained that it evaluated the claims under only Federal Rule of Civil Procedure 12 and that the district judge would need to assess whether it was required to convene a three-judge court pursuant to 28 U.S.C. § 2284. *Id.* at 1–2 (Page ID #1160–61).

The Simon Parties filed objections and amended objections to the report and recommendation, R. 29 (Pls.' Obj. at 1–3) (Page ID #1189–91); R. 31 (Pls.' Am. Obj. at 1–3) (Page ID #1193–95), and the Ohio Redistricting Commission responded to the Simon Parties' objections, R. 32 (Defs.' Resp. to Pls.' Obj. at 1–11) (Page ID #1196–206). The district court overruled the Simon Parties' objections and adopted the report and recommendation in its entirety. R. 33 (10/12/2023 Dist. Ct. Order at 2–6) (Page ID #1208–12). The district court determined that the Simon Parties' claims were wholly frivolous such that a three-judge court was unnecessary. *Id.* at 5–6 (Page ID #1211–12). The district court then granted the motions to dismiss, denied the motion for a three-judge court, and denied the motions for a temporary restraining order and class certification. *Id.* at 6 (Page ID #1212). The Simon Parties filed a timely notice of appeal. R. 35 (Notice of Appeal at 1) (Page ID #1214).

## II. ANALYSIS

"A district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts . . . ." 28 U.S.C. § 2284(a). This statute "giv[es] the district judge a limited jurisdiction to determine whether such a case shall be heard by one judge . . . or heard by a three-judge district court . . . ." *Armour v. Ohio*, 925 F.2d 987, 989 (6th Cir. 1991) (en banc). When considering a request for a three-judge court, "all the district judge must 'determin[e]' is whether the 'request for three judges' is made in a

case covered by § 2284(a)—no more, no less." *Shapiro v. McManus*, 577 U.S. 39, 44 (2015). Nonetheless, a three-judge court "is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Id.* at 44–45 (quoting *Gonzalez v. Automatic Emps. Credit Union*, 419 U.S. 90, 100 (1974)); *see also NAACP v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019) (per curiam) ("[A] single district judge is empowered to determine whether the Eleventh Amendment bars a claim that would otherwise fall with § 2284(a)."). Thus, the complaint must (1) include a claim "challenging the constitutionality of the apportionment of congressional districts," 28 U.S.C. § 2284(a), and (2) provide a basis for subject-matter jurisdiction. *NAACP*, 939 F.3d at 475.

We review de novo the district court's determination that a three-judge court was not required under 28 U.S.C. § 2284. *Indep. Inst. v. Fed. Election Comm'n*, 816 F.3d 113, 115 (D.C. Cir. 2016). For the purposes of this appeal, we take the allegations in the complaint as true as is required at this stage of the proceedings. *See Goosby v. Osser*, 409 U.S. 512, 521 n.7 (1973) (explaining that, when considering a motion to convene a three-judge court, "a substantial question of constitutionality must be determined by the allegations of the bill of complaint" and that "the allegations of the[] complaint must be deemed to be true" (quotations omitted)).

The parties do not dispute that the complaint "challeng[es] the constitutionality of the apportionment of congressional districts," 28 U.S.C. § 2284(a), and we therefore focus on whether the complaint conferred subject-matter jurisdiction. The Ohio Redistricting Commission contends that the complaint fails to present a "substantial federal question" that is justiciable. D. 20 (Appellees Br. at 39–40).

The Supreme Court has "long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former." *Shapiro*, 577 U.S. at 45 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). "[C]onstitutional insubstantiality for this purpose has been equated with such concepts as essentially fictitious, wholly insubstantial, obviously frivolous, and obviously without merit." *Goosby*, 409 U.S. 518 (quotations omitted). Thus, a claim is insubstantial only if "the claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve

a federal controversy,'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)), or "its unsoundness so clearly results from the previous decisions of [the Supreme] Court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy," *Goosby*, 409 U.S. at 518 (quoting *Ex parte Poresky*, 290 U.S. 30, 32 (1933)). "'[C]onstitutional claims will not lightly be found insubstantial for purposes of' the three-judge-court statute." *Shapiro*, 577 U.S. at 45 (quoting *Washington v. Confederated Tribes of Colville Rsrv.*, 447 U.S. 134, 147–48 (1980)).

Here, the district court incorrectly determined that the Simon Parties' Fourteenth Amendment claim did not raise a substantial federal question for jurisdictional purposes. *See* R. 27 (Rep. & Rec. at 25–26) (Page ID #1184–85); R. 33 (10/12/2023 Dist. Ct. Order at 5–6) (Page ID #1211–12). The Simon Parties allege that the Ohio Redistricting Commission used a "policy of non consideration of racial demographics in connection with developing the March 2, 2022 Congressional Plan" so that the Ohio Redistricting Commission could "totally disregard the impact of racial bloc voting" and the history of racial discrimination in the challenged districts. R. 1 (Compl. ¶¶ 6, 39) (Page ID #5, 15). The Simon Parties allege that the purpose and effect of this policy was to dilute "the Mahoning Valley Black vote by impairing the ability of the Mahoning Valley Black voters to elect a" candidate of their choice "due to the submersion of Black voting strength into the counties of Columbiana, Car[r]oll, Jefferson, Harrison, Belmont and Washington instead of the more racially diverse adjacent Stark, Summit or Cuyahoga Counties." *Id.* ¶¶ 6, 47 (Page ID #5, 17). The Supreme Court has long recognized that "there is a role for the courts with respect to" racial gerrymandering claims such that they are justiciable. *Rucho v. Common Cause*, 139 S. Ct. 2484, 2495–96 (2019). Therefore, the Simon Parties' allegations on this claim are sufficient to surpass the "low bar" to establish federal jurisdiction. *Shapiro*, 577 U.S. at 46 (finding the plaintiff's First Amendment claim raised a substantial federal question because the claim was not foreclosed by binding precedent).

The district court's contrary conclusion went beyond the scope of its limited review under 28 U.S.C. § 2284. The report and recommendation reasoned that the Simon Parties' Fourteenth Amendment allegations were conclusory and internally inconsistent. R. 27 (Rep. &

Rec. at 26) (Page ID #1185).  The district court adopted the report and recommendation in full and independently concluded that a three-judge court was not required for this claim because the complaint "contained no supporting factual allegations" and "merely allege[d] discrimination without any information to support their conclusions."  R. 33 (10/12/2023 Dist. Ct. Order at 6) (Page ID #1212) (emphasis omitted).  The district court's analysis, although purporting to apply the standard for evaluating a request for a three-judge court, was an improper evaluation of the strength of the allegations in the complaint.  *See Armour*, 925 F.2d at 989 ("[T]he sufficiency of the complaint for three-judge jurisdictional purposes must be determined by the claims stated in the complaint and not by the way the facts turn out.").  Such an inquiry is beyond the scope of a motion for a three-judge court and, for the reasons explained above, the complaint clears the "low bar" to establish federal jurisdiction.  *See Shapiro*, 577 U.S. at 46.

If the plaintiffs "advance[] at least one argument . . . that is not 'essentially fictitious, wholly insubstantial, obviously frivolous, and obviously without merit,' the case must proceed to a three-judge court."  *Indep. Inst.*, 816 F.3d at 117 (quoting *Shapiro*, 577 U.S. at 45–46).  Having concluded that the Simon Parties have presented at least one such claim, we need not address any other claim.[1]  Accordingly, the district court lacked jurisdiction as a single judge to adjudicate any other pending motion because it was required to convene a three-judge court under 28 U.S.C. § 2284.

### III.  CONCLUSION

We therefore **REVERSE** the district court's order denying the motion for a three-judge court, **VACATE** the district court's orders granting the motions to dismiss and denying the motion for temporary restraining order and motion for class certification, and **REMAND** the case to the district court with instructions for it immediately to initiate the procedures to convene a three-judge court under 28 U.S.C. § 2284.

---

[1]The Ohio Redistricting Commission argues for the first time on appeal that the Voting Rights Act does not confer a private right of action. D. 20 (Appellees Br. at 12–27). In the Ohio Redistricting Commission's view, this theory was not available below because the Eighth Circuit had not yet issued its opinion in *Arkansas State Conference NAACP v. Arkansas Board of Apportionment*, 86 F.4th 1204 (8th Cir. 2023). D. 20 (Appellees Br. at 12–15). We need not address this issue to resolve the appeal. Instead, we assume without deciding that the Voting Rights Act confers a private right of action. *See Mixon v. Ohio*, 193 F.3d 389, 406 (6th Cir. 1999) ("An individual may bring a private cause of action under Section 2 of the Voting Rights Act . . . .").