**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2486
_____

RONALD BASS, SR.,
                                        Appellant

v.

THE STATE OF NEW JERSEY; DEPARTMENT OF CHILDREN AND
FAMILIES; THE DIVISION OF CHILD PROTECTION AND PERMANENCY;
LAURA DAVIS, Head Supervisor of DYFS; ANNDRIA CALWELL,
Supervisor, Family Specialist II; LASHONDA DRAKE, Case Worker, Family Services
Specialist II; JOHN and/or Jane Doe 1-20, fictitiously named and as yet unidentified
agents, servants and/or employees of the STATE OF NEW JERSEY, THEN KNOWN
AS THE DEPARTMENT OF YOUTH AND FAMILY SERVICES "the defendants", in
addition to DCF and CP&P; ERIC KIRSCHNER, Forensic Psychologist;
GWENDOLYN O. AUSTIN; DONALD O. EGBUCHULAM; CHILDREN AID
FAMILY SERVICES, ET AL.; ERIC MEEHAN, DAG, for the State of New Jersey
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-14-cv-05006)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2016
Before:  JORDAN, BARRY and VAN ANTWERPEN, Circuit Judges

(Filed: May 13, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ronald Bass, Sr., appeals from the order of the District Court dismissing his amended complaint for lack of subject matter jurisdiction. We will affirm in part, vacate in part, and remand for further proceedings.

I.

This lawsuit is related to a New Jersey state-court proceeding that resulted in the termination of Bass's parental rights regarding his son, who was referred to in the state-court action as N.R.B. The Appellate Division of the New Jersey Superior Court affirmed that ruling, and the New Jersey Supreme Court denied certification. See N.J. Div. of Child Prot. & Permanency v. R.B., No. FG-07-92-11, 2014 WL 775314 (N.J. Super. Ct. App. Div. Feb. 28, 2014), certification denied, 94 A.3d 910 (N.J. 2014). It does not appear that Bass filed a petition for a writ of certiorari to the United States Supreme Court.

Instead, and approximately two months after the New Jersey Supreme Court's ruling, Bass filed pro se the federal complaint at issue here. (He amended his complaint three days later to correct typographical errors but has not amended it substantively.) Bass named as defendants the State of New Jersey and certain of its agencies and employees (collectively, the "State Defendants"), a psychologist who testified during the parental-rights hearing, the lawyer who represented Bass during that hearing, and another lawyer apparently involved in that hearing. The identities and roles of some of the

2

defendants are not immediately apparent from Bass's amended complaint. His amended complaint also is otherwise difficult to follow, and he did not set forth any discrete causes of action.

As a general matter, however, Bass's claims appear to be of two kinds. First, Bass alleged that the state-court proceeding was wrongly decided for a number of reasons. He further alleged that the state-court ruling has injured him by depriving him of his parental rights and the ability to obtain state and federal benefits for his son. Second, Bass alleged that various defendants committed misconduct before and during his termination proceeding, including by submitting fraudulent and misleading evidence, and that all defendants conspired to deprive him of his parental rights. For relief, Bass requested monetary damages and "companionship with my son."

The State Defendants and one other defendant filed motions to dismiss the amended complaint. Both argued that Bass failed to state a claim, and the State Defendants also argued that his amended complaint is barred in part by the Rooker-Feldman doctrine. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983). The defendant psychologist, Eric Kirschner, answered the amended complaint and asserted cross-claims for contribution and indemnity against the other defendants. The lawyer defendants, Gwendolyn Austin and Donald Egbuchalam, did not respond to Bass's amended complaint. On Bass's motion, the District Court Clerk entered default against them, and Bass then filed a motion for the

3

entry of a default judgment.  He also previously filed a motion for a preliminary injunction.

While these motions were pending, the District Court entered an order dismissing Bass's complaint for lack of subject matter jurisdiction.  The District Court characterized its order as addressing the issue of jurisdiction sua sponte, and it concluded that it lacks federal question jurisdiction both because Bass did not state any claim arising under federal law and because his amended complaint is barred by the <u>Rooker</u>-<u>Feldman</u> doctrine.  Bass appeals.[1]

## II.

We agree that Bass's amended complaint is barred in large part by the <u>Rooker</u>-<u>Feldman</u> doctrine.[2]  The <u>Rooker</u>-<u>Feldman</u> doctrine is a narrow one that deprives District Courts of subject matter jurisdiction only when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by the [the] state-court's

---

[1] The District Court did not specifically dispose of Kirchner's cross-claims, but it effectively did so by dismissing the action in its entirety for lack of jurisdiction.  <u>Cf. Owens. v. Aetna Life & Cas. Co.</u>, 654 F.2d 218, 220 n.2 (3d Cir. 1981) (holding that mere grant of summary judgment for defendant on plaintiff's claim did not resolve that defendant's crossclaim against another defendant).  Thus, we have jurisdiction under 28 U.S.C. § 1291.  "We exercise de novo review over questions of subject matter jurisdiction."  <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 163 (3d Cir. 2010).

[2] The District Court did not give Bass notice and an opportunity to respond before entering what it referred to as its sua sponte order to this effect, but the State Defendant's motion to dismiss put Bass on notice of the <u>Rooker</u>-<u>Feldman</u> issue, Bass had the opportunity to respond, and he has addressed this issue on appeal.

judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co., 615 F.3d at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

All of these requirements are satisfied to the extent that Bass complains of the loss of his parental rights and his ability to seek benefits for his son. Bass lost his parental rights in state court before filing his federal suit, and his alleged injuries in this regard flow from the state-court judgment. See id. at 166-67. Awarding relief in this regard also would require the District Court to invalidate the state-court's judgment.[3]

These requirements, however, are not satisfied to the extent that Bass raises independent claims regarding defendants' alleged misconduct preceding and allegedly resulting in the state-court judgment. See B.S. v. Somerset County, 704 F.3d 250, 260 (3d Cir. 2013); Great W. Mining & Mineral Co., 615 F.3d at 171-73. Although his allegations in this regard are not models of clarity, Bass's amended complaint can be liberally construed to allege, inter alia, that defendants conspired to deprive him of due process by submitting fraudulent or misleading evidence. The Rooker-Feldman doctrine

---

[3] Bass's brief on appeal leaves no doubt on this point. Bass states that he is "appealing" the New Jersey Supreme Court's denial of certification and that "only the Third Circuit Court of Appeals, can reverse [the applicable] New Jersey Supreme Court Docket Numbers." (Appellant's Br. at 2.) Bass also argues that the Rooker-Feldman doctrine permits this Court to "reverse or modify a state-court judgment." (Id. at 6.) Bass is incorrect because the only way to seek appellate review of the New Jersey Supreme Court's decision was to file a petition for a writ of certiorari with the United States Supreme Court. See Exxon Mobil Corp., 544 U.S. at 291-92; 28 U.S.C. § 1257.

does not bar those claims.  See B.S., 704 F.3d at 260; Great W. Mining & Mineral Co., 615 F.3d at 171-73.

Neither does the other jurisdictional ground on which the District Court relied. The District Court concluded that it lacked federal question jurisdiction because, although Bass cited various federal laws, he did not actually state a claim arising under any of those federal laws.  But among the federal laws Bass cited were several constitutional provisions and 42 U.S.C. § 1983, which permits the assertion of constitutional claims against certain state actors.  In the absence of a determination that Bass's claims in this regard were "wholly insubstantial and frivolous," which the District Court did not make, "the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."  Shapiro v. McManus, 136 S. Ct. 450, 455-56 (2015) (quotation marks omitted).  And plaintiffs who fail to state a proper cause of action generally must be given leave to amend before a dismissal on the merits.  See Phillips v. County of Allegheny, 515 F.3d 224, 245-46 (3d Cir. 2008).

Thus, whether Bass's amended complaint actually states a federal claim calls for a determination on the merits and consideration of leave to amend.  The District Court did not expressly attempt to identify Bass's claims or explain why they failed to state a claim on the merits.  We acknowledge that Bass's claims in this regard are largely conclusory and may suffer from other defects as well.  Given the importance of the rights potentially at issue and Bass's pro se status, however, we believe that further consideration is warranted.  Thus, we will vacate the District Court's order of dismissal to the extent that

6

it dismissed Bass's claims regarding defendants' alleged conduct occurring before the termination of his parental rights, and we will remand for the District Court to consider those claims and the possibility of amendment in the first instance.

We reiterate that we are affirming the District Court's dismissal of the amended complaint to the extent that Bass seeks relief from the termination of his parental rights and his inability to seek state and federal benefits for his son. Bass is advised that the District Court, as part of this proceeding, cannot restore his parental rights or award him damages based solely on the loss of those rights.

### III.

For these reasons, we will affirm in part and vacate in part the judgment of the District Court and will remand for further proceedings. Bass's requests for relief in his briefs are otherwise denied.[4]

---

[4] Bass requests that we remand this matter to a District Court location other than Newark, New Jersey. Bass has not shown any basis for the reassignment on remand, and we perceive none. Bass also requests appointment of counsel on appeal. Bass did not file an actual motion for counsel, and appointment of counsel on appeal is not warranted. Bass did file a motion for counsel in the District Court, and a Magistrate Judge denied it. Bass states in his brief that he is appealing that ruling, but he did not seek reconsideration of that ruling by the District Court, did not mention it in his notice of appeal, and has not raised any actual argument regarding counsel in his briefs. Nevertheless, we perceive no abuse of discretion in the denial of Bass's motion for counsel at this stage of the litigation. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993).