**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-4335

_____

RONALD BASS, SR.,
                                        Appellant

v.

THE STATE OF NEW JERSEY; DEPARTMENT OF CHILDREN
AND FAMILIES; THE DIVISION OF CHILD PROTECTION
AND PERMANENCY; LAURA DAVIS, HEAD SUPERVISOR OF DYFS;
ANNDRIA CALWELL, SUPERVISOR, FAMILY SPECIALIST II;
LASHONDA DRAKE, CASE WORKER, FAMILY SERVICES SPECIALIST II;
ERIC KIRSCHNER, FORENSIC PSYCHOLOGISTS;
GWENDOLYN O. AUSTIN; DONALD O. EGBUCHULAM;
CHILDREN AID FAMILY SERVICES, ET AL.;
ERIC MEEHAN, DAG, FOR THE STATE OF NEW JERSEY;
ALLISON BLAKE; MARY P. DUGUID; DEIRDRE M. O'REILLY;
MAIN ST. COUNSELING CENTER; JEENA KRZASTEK

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-14-cv-05006)
District Judge:  Honorable Jose L. Linares

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 3, 2017
Before:  RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed:  May 9, 2017)

———————

OPINION[*]

———————

PER CURIAM

Ronald Bass, Sr., appeals from the order of the District Court dismissing his complaint. We will affirm.

I.

We previously set forth the background of this matter in <u>Bass v. New Jersey</u>, 649 F. App'x 255 (3d Cir. 2016) (per curiam). In brief, Bass filed and then amended a federal complaint asserting claims relating to the termination of his parental rights following a New Jersey family court hearing. The District Court dismissed Bass's amended complaint in its entirety for lack of subject matter jurisdiction under the <u>Rooker</u>-<u>Feldman</u> doctrine. <u>See</u> <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413 (1923); <u>D.C. Ct. App. v. Feldman</u>, 460 U.S. 462 (1983). We affirmed in part but vacated in part and remanded for further proceedings on Bass's claims regarding "defendants' alleged misconduct preceding and allegedly resulting in the state-court judgment." <u>Id.</u> at 258.

On remand, the District Court directed Bass to file another amended complaint. Bass then filed what he captioned as a third amended complaint (it actually was his second, and we will refer to it hereafter simply as his "complaint"). As relevant here, he

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

asserted claims against three categories of defendants: (1) Eric Kirschner, a psychologist who testified about Bass's ability to raise his son; (2) the State of New Jersey and several of its agencies and employees involved in the proceeding (collectively, the "State defendants"); and (3) Gwendolyn Austin, a lawyer who represented him in the proceeding, and another lawyer whose precise involvement Bass did not make clear.[1]

As was the case before, Bass's complaint is difficult to follow. Bass claimed, however, that: (1) Kirschner lied at the hearing about Bass's psychological profile and ability to care for his son; (2) the State defendants failed to properly investigate his background and submitted allegedly falsified reports; and (3) Austin failed to properly represent him. On the basis of these allegations, Bass purported to assert claims under numerous federal statutes, including the Americans With Disabilities Act, and claims under state law for discrimination and malpractice. Bass also filed a motion for appointment of counsel, which a Magistrate Judge denied.

Kirschner and the State defendants filed motions to dismiss Bass's complaint. Bass both responded to those motions and filed a motion for reconsideration of the denial of counsel. While that motion was pending, the District Court granted defendants' motions and dismissed Bass's complaint with prejudice in its entirety. The Magistrate

---

[1] Bass previously named all of these defendants in his amended complaint. Bass named several new defendants in his second amended complaint, but he never served them with process and he mentions them only in passing in his brief, so we need not address them.

Judge then denied Bass's motion for reconsideration. Bass appeals.[2]

## II.

Bass appeals both the dismissal of his complaint and the denial of his motions for counsel. The only ruling to which he raises any specific challenge, however, is to the denial of counsel. To the extent that his challenge is properly before us, we perceive no abuse of discretion for the reasons that the Magistrate Judge explained. See Tabron, 6 F.3d at 155-57.[3] Bass does not raise any specific challenge to any of the reasons that the District Court gave for dismissing his complaint. To the contrary, his brief largely

---

[2] We have jurisdiction under 28 U.S.C. § 1291 except as noted below. We review de novo both matters of subject matter jurisdiction, see Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010), and the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), see Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation marks omitted). We review the denial of a motion for appointment of counsel for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

[3] Bass addressed his motion for reconsideration of the denial of counsel to the Magistrate Judge, but he also copied the District Judge. The District Judge dismissed Bass's complaint without treating Bass's motion as an objection under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a), and the Magistrate Judge later denied reconsideration. Bass challenges both the Magistrate Judge's initial denial of counsel and his denial of reconsideration. We construe Bass's motion for reconsideration as an objection to the initial denial of counsel that the District Court overruled sub silentio when it dismissed his complaint. We have reviewed the initial denial of counsel on that basis. We do not have jurisdiction to review the Magistrate Judge's denial of reconsideration, however, because it is not an order of the District Court. See Siers v. Morash, 700 F.2d 113, 114-15 (3d Cir. 1983). Nevertheless, there would appear to be even less of a basis to challenge the denial of counsel after the District Court already had dismissed Bass's complaint.

4

reiterates his allegations and is otherwise devoted to extraneous matters. Nevertheless, we will address three points that we liberally construe Bass's brief to raise.

First, the District Court again dismissed Bass's claims against the State defendants for lack of jurisdiction to the extent that they are barred by the Rooker-Feldman doctrine. We agree that Bass's complaint can be read to assert claims that are subject to dismissal on that basis. Even on appeal, Bass requests that we order the "exclusion" of evidence presented to the family court and remand this matter to the District Court for "family unification." (Appellant's Br. at 11.) As we previously explained, the Rooker-Feldman doctrine bars Bass's claims to the extent that he seeks to appeal the family court's termination of his parental rights in federal court. See Bass, 649 F. App'x at 258; see also Great W. Mining & Mineral Co., 615 F.3d at 166-67.

Second, the District Court dismissed Bass's claims against Kirschner and his remaining claims against the State defendants on various grounds, including New Jersey's litigation privilege as to Kirschner and the statute of limitations as to the State defendants. We question whether certain of these issues can be resolved from the face of Bass's complaint or even apply to it. See, e.g., Williams, 765 F.3d at 317-20 (holding that New Jersey's litigation privilege did not bar certain claims of fraud on a court). We need not resolve them, however, because the dismissal of Bass's remaining claims was appropriate on the alternative ground that Bass failed to state a plausible claim to relief.

Bass refers throughout his complaint to "discrimination," but his allegations are conclusory and he pleaded no actual facts in that regard. He also claimed that evidence

introduced at the family court hearing was falsified and misleading, and we could liberally construe those allegations as a claim under 42 U.S.C. § 1983 that defendants conspired to deprive him of due process. Once again, however, Bass pleaded nothing suggesting any actual conspiracy, or even that any evidence was false. The closest he came was by alleging that a State defendant submitted a report opining that Bass was an "abusive parent" and that the report was false because it "conflicted with the . . . photos . . . of my son and I bonding." (ECF No. 64 at 6.) That allegation does not raise the reasonable inference that the opinion was "false," let alone that defendants intentionally conspired to produce it. Thus, we will affirm the dismissal of Bass's remaining claims against Kirschner and the State defendants on the ground that Bass failed to state any plausible federal claim.[4]

Finally, the District Court dismissed Bass's complaint in its entirety without explicitly addressing his claims against his former counsel Austin. Bass does not argue that the District Court erred in that regard, but he mentions his claims against Austin in his brief (Appellant's Br. at 4, 6), so we will address them. Bass's complaint cannot be read to assert any federal claim against Austin, who was not a state actor and whom Bass

---

[4] We are satisfied that leave to amend would be futile. In our previous opinion, we acknowledged that Bass's remaining claims were "largely conclusory," but we remanded for the District Court to consider them and the possibility of amendment. Bass, 649 F. App'x at 259. On remand, the District Court directed Bass to file a second amended complaint and gave him specific guidance on how to allege a plausible claim. (ECF No. 62.) Bass failed to do so, however, and none of his filings suggests that he could do so if given another opportunity.

6

did not plausibly allege conspired with any state actor.  Bass, however, did make

allegations regarding insufficient investigation and failure to obtain an expert that could

be construed as a state-law claim for professional negligence.  The District Court did not

expressly address the issue but, in the absence of any plausible federal claim, we

understand the District Court's opinion to have declined to exercise supplemental

jurisdiction over any potential state-law claims.  See 28 U.S.C. § 1367(c)(3).[5]  Thus, the

dismissal of Bass's claim for professional negligence is without prejudice to Bass's

ability to assert it in state court.  We express no opinion on the merits of that claim.

III.

For these reasons, we will affirm the judgment of the District Court.  Bass's

motion for appointment of counsel on appeal is denied.  Bass's letters docketed as

"documents in support of the appeal," to the extent that they can be construed as motions

to expand the record, are denied.  To the extent that Bass's filings request any other form

of relief, they are denied as well.

---

[5] Bass did not allege Austin's citizenship or otherwise invoke the District Court's diversity jurisdiction, and it appears that both Bass and Austin may be citizens of New Jersey.