(Slip Opinion)          OCTOBER  TERM,  2015                      1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## SHAPIRO ET AL. *v.* McMANUS, CHAIRMAN, MARYLAND STATE BOARD OF ELECTIONS, ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 14–990.   Argued November 4, 2015—Decided December 8, 2015

Since 1976, federal law has mandated that a "district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts . . . ," 28 U. S. C. §2284(a), and has provided that "the judge [presented with a request for a three-judge court] shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges" to serve, §2284(b)(1).

Petitioners requested that a three-judge court be convened to consider their claim that Maryland's 2011 congressional redistricting plan burdens their First Amendment right of political association. Concluding that no relief could be granted for this claim, the District Judge dismissed the action instead of notifying the Chief Judge of the Circuit to convene a three-judge court. The Fourth Circuit affirmed.

*Held*: Section 2284 entitles petitioners to make their case before a three-judge court.  Pp. 3–8.

(a) Section 2284(a)'s prescription could not be clearer.  Because the present suit is indisputably "an action . . . challenging the constitutionality of the apportionment of congressional districts," the District Judge was *required* to refer the case to a three-judge court.  Section 2284(a) admits of no exception, and "the mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion."  *Lexecon Inc.* v. *Milberg Weiss Bershad Hynes & Lerach*, 523 U. S. 26, 35. The subsequent provision of §2284(b)(1), that the district judge shall commence the process for appointment of a three-judge panel "unless he determines that three judges are not required," should be read not as a grant of discretion to the district judge to ignore §2284(a), but as

a compatible administrative detail requiring district judges to "determin[e]" only whether the "request for three judges" is made in a case covered by §2284(a). This conclusion is bolstered by §2284(b)(3)'s explicit command that "[a] single judge shall not . . . enter judgment on the merits." Pp. 3–5.

(b) Respondents' alternative argument, that the District Judge should have dismissed petitioners' claim as "constitutionally insubstantial" under *Goosby* v. *Osser*, 409 U. S. 512, is unpersuasive. This Court has long distinguished between failing to raise a substantial federal question for jurisdictional purposes—what *Goosby* addressed—and failing to state a claim for relief on the merits—what the District Judge found here; only "wholly insubstantial and frivolous" claims implicate the former, *Bell* v. *Hood*, 327 U. S. 678, 682–683. Absent such obvious frivolity, "the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Id.,* at 682. Petitioners' plea for relief, which was based on a legal theory put forward in JUSTICE KENNEDY's concurrence in *Vieth* v. *Jubelirer*, 541 U. S. 267, 315, and uncontradicted in subsequent majority opinions, easily clears *Goosby*'s low bar. Pp. 5–7.

584 Fed. Appx. 140, reversed and remanded.

SCALIA, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

––––––––––

No. 14–990

––––––––––

## STEPHEN M. SHAPIRO, ET AL., PETITIONERS v. DAVID J. McMANUS, JR., CHAIRMAN, MARYLAND STATE BOARD OF ELECTIONS, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

[December 8, 2015]

JUSTICE SCALIA delivered the opinion of the Court.

We consider under what circumstances, if any, a district judge is free to "determin[e] that three judges are not required" for an action "challenging the constitutionality of the apportionment of congressional districts." 28 U. S. C. §§2284(a), (b)(1).

## I

### A

Rare today, three-judge district courts were more common in the decades before 1976, when they were required for various adjudications, including the grant of an "interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute . . . upon the ground of the unconstitutionality of such statute." 28 U. S. C. §2281 (1970 ed.), repealed, Pub. L. 94–381, §1, 90 Stat. 1119. See Currie, The Three-Judge District Court in Constitutional Litigation, 32 U. Chi. L. Rev. 1, 3–12 (1964). Decisions of three-judge courts could, then as now, be appealed as of right directly to this Court. 28 U. S. C. §1253.

In 1976, Congress substantially curtailed the circumstances under which a three-judge court is required. It was no longer required for the grant of an injunction against state statutes, see Pub. L. 94–381, §1, 90 Stat. 1119 (repealing 28 U. S. C. §2281), but was mandated for "an action . . . challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." *Id.*, §3, now codified at 28 U. S. C. §2284(a).

Simultaneously, Congress amended the procedures governing three-judge district courts. The prior statute had provided: "The district judge to whom the application for injunction or other relief is presented shall constitute one member of [the three-judge] court. On the filing of the application, he shall immediately notify the chief judge of the circuit, who shall designate two other judges" to serve. 28 U. S. C. §2284(1) (1970 ed.). The amended statute provides: "Upon the filing of a request for three judges, the judge to whom the request is presented shall, *unless he determines that three judges are not required*, immediately notify the chief judge of the circuit, who shall designate two other judges" to serve. 28 U. S. C. §2284(b)(1) (2012 ed.) (emphasis added). The dispute here concerns the scope of the italicized text.

## B

In response to the 2010 Census, Maryland enacted a statute in October 2011 establishing—or, more pejoratively, gerrymandering—the districts for the State's eight congressional seats. Dissatisfied with the crazy-quilt results, see App. to Pet. for Cert. 23a, petitioners, a bipartisan group of citizens, filed suit *pro se* in Federal District Court. Their amended complaint alleges, *inter alia*, that Maryland's redistricting plan burdens their First Amendment right of political association. Petitioners also requested that a three-judge court be convened to hear the

case.

The District Judge, however, thought the claim "not one for which relief can be granted." *Benisek* v. *Mack*, 11 F. Supp. 3d 516, 526 (Md. 2014). "[N]othing about the congressional districts at issue in this case affects in any proscribed way [petitioners'] ability to participate in the political debate in any of the Maryland congressional districts in which they might find themselves. They are free to join preexisting political committees, form new ones, or use whatever other means are at their disposal to influence the opinions of their congressional representatives." *Ibid.* (brackets, ellipsis, and internal quotation marks omitted).

For that reason, instead of notifying the Chief Judge of the Circuit of the need for a three-judge court, the District Judge dismissed the action. The Fourth Circuit summarily affirmed in an unpublished disposition. *Benisek* v. *Mack*, 584 Fed. Appx. 140 (CA4 2014). Seeking review in this Court, petitioners pointed out that at least two other Circuits consider it reversible error for a district judge to dismiss a case under §2284 for failure to state a claim for relief rather than refer it for transfer to a three-judge court. See *LaRouche* v. *Fowler*, 152 F. 3d 974, 981–983 (CADC 1998); *LULAC* v. *Texas*, 113 F. 3d 53, 55–56 (CA5 1997) (*per curiam*). We granted certiorari. *Shapiro* v. *Mack*, 576 U. S. \_\_\_ (2015).

## II

Petitioners' sole contention is that the District Judge had no authority to dismiss the case rather than initiate the procedures to convene a three-judge court. Not so, argue respondents; the 1976 addition to §2284(b)(1) of the clause "unless he determines that three judges are not required" is precisely such a grant of authority. Moreover, say respondents, Congress declined to specify a standard to constrain the exercise of this authority. Choosing, as

the District Judge did, the familiar standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) best serves the purposes of a three-judge court, which (in respondents' view) is to protect States from "hasty, imprudent invalidation" of their statutes by rogue district judges acting alone. Brief for Respondents 27.

Whatever the purposes of a three-judge court may be, respondents' argument needlessly produces a contradiction in the statutory text. That text's initial prescription could not be clearer: "A district court of three judges *shall be convened* . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts . . . ." 28 U. S. C. §2284(a) (emphasis added). Nobody disputes that the present suit is "an action . . . challenging the constitutionality of the apportionment of congressional districts." It follows that the district judge was *required* to refer the case to a three-judge court, for §2284(a) admits of no exception, and "the mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion." *Lexecon Inc.* v. *Milberg Weiss Bershad Hynes & Lerach*, 523 U. S. 26, 35 (1998); see also *National Assn. of Home Builders* v. *Defenders of Wildlife*, 551 U. S. 644, 661–662 (2007) (same).

The subsequent provision of §2284(b)(1), that the district judge shall commence the process for appointment of a three-judge panel "unless he determines that three judges are not required," need not and therefore should not be read as a grant of discretion to the district judge to ignore §2284(a). It is not even framed as a proviso, or an exception from that provision, but rather as an administrative detail that is entirely compatible with §2284(a). The old §2284(1) triggered the district judge's duty to refer the matter for the convening of a three-judge court "[o]n the filing of the application" to enjoin an unconstitutional state law. By contrast, the current §2284(b)(1) triggers the district judge's duty "[u]pon the filing of a *request* for

three judges" (emphasis added). But of course a party may—whether in good faith or bad, through ignorance or hope or malice—file a *request* for a three-judge court even if the case does not merit one under §2284(a). Section 2284(b)(1) merely clarifies that a district judge need not unthinkingly initiate the procedures to convene a three-judge court without first examining the allegations in the complaint. In short, all the district judge must "determin[e]" is whether the "request for three judges" is made in a case covered by §2284(a)—no more, no less.

That conclusion is bolstered by §2284(b)(3)'s explicit command that "[a] single judge shall not . . . enter judgment on the merits." It would be an odd interpretation that allowed a district judge to do under §2284(b)(1) what he is forbidden to do under §2284(b)(3). More likely that Congress intended a three-judge court, and not a single district judge, to enter all final judgments in cases satisfying the criteria of §2284(a).

## III

Respondents argue in the alternative that a district judge is not required to refer a case for the convening of a three-judge court if the constitutional claim is (as they assert petitioners' claim to be) "insubstantial." In *Goosby* v. *Osser*, 409 U. S. 512 (1973), we stated that the filing of a "constitutionally insubstantial" claim did not trigger the three-judge-court requirement under the pre-1976 statutory regime. *Id.*, at 518. *Goosby* rested not on an interpretation of statutory text, but on the familiar proposition that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a *substantial* federal question should be presented." *Ex parte Poresky*, 290 U. S. 30, 31 (1933) (*per curiam*) (emphasis added). Absent a substantial federal question, even a single-judge district court lacks jurisdiction, and "[a] three-judge court is not required where the district court itself lacks jurisdiction of

the complaint or the complaint is not justiciable in the federal courts." *Gonzalez* v. *Automatic Employees Credit Union*, 419 U. S. 90, 100 (1974).

In the present case, however, the District Judge dismissed petitioners' complaint not because he thought he lacked jurisdiction, but because he concluded that the allegations failed to state a claim for relief on the merits, citing *Ashcroft* v. *Iqbal*, 556 U. S. 662 (2009), and *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544 (2007). See 11 F. Supp. 3d, at 520. That was in accord with Fourth Circuit precedent, which holds that where the "pleadings do not state a claim, then *by definition they are insubstantial* and so properly are subject to dismissal by the district court without convening a three-judge court." *Duckworth* v. *State Admin. Bd. of Election Laws*, 332 F. 3d 769, 772–773 (CA4 2003) (emphasis added).

We think this standard both too demanding and inconsistent with our precedents. "[C]onstitutional claims will not lightly be found insubstantial for purposes of" the three-judge-court statute. *Washington* v. *Confederated Tribes of Colville Reservation*, 447 U. S. 134, 147–148 (1980). We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes—which is what *Goosby* addressed—and failing to state a claim for relief on the merits; only "wholly insubstantial and frivolous" claims implicate the former. *Bell* v. *Hood*, 327 U. S. 678, 682–683 (1946); see also *Hannis Distilling Co.* v. *Mayor and City Council of Baltimore*, 216 U. S. 285, 288 (1910) ("obviously frivolous or plainly insubstantial"); *Bailey* v. *Patterson*, 369 U. S. 31, 33 (1962) (*per curiam*) ("wholly insubstantial," "legally speaking non-existent," "essentially fictitious"); *Steel Co.* v. *Citizens for Better Environment*, 523 U. S. 83, 89 (1998) ("frivolous or immaterial"). Absent such frivolity, "the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell*,

*supra,* at 682. Consistent with this principle, *Goosby* clarified that "'[c]onstitutional insubstantiality' for this purpose has been equated with such concepts as 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit.'" 409 U. S., at 518 (citations omitted). And the adverbs were no mere throwaways; "[t]he limiting words 'wholly' and 'obviously' have cogent legal significance." *Ibid.*

Without expressing any view on the merits of petitioners' claim, we believe it easily clears *Goosby*'s low bar; after all, the amended complaint specifically challenges Maryland's apportionment "along the lines suggested by Justice Kennedy in his concurrence in *Vieth* [v. *Jubelirer*, 541 U. S. 267 (2004)]." App. to Brief in Opposition 44. Although the *Vieth* plurality thought all political gerrymandering claims nonjusticiable, JUSTICE KENNEDY, concurring in the judgment, surmised that if "a State did impose burdens and restrictions on groups or persons by reason of their views, there would likely be a First Amendment violation, unless the State shows some compelling interest. . . . Where it is alleged that a gerrymander had the purpose and effect of imposing burdens on a disfavored party and its voters, the First Amendment may offer a sounder and more prudential basis for intervention than does the Equal Protection Clause." *Vieth* v. *Jubelirer*, 541 U. S. 267, 315 (2004). Whatever "wholly insubstantial," "obviously frivolous," etc., mean, at a minimum they cannot include a plea for relief based on a legal theory put forward by a Justice of this Court and uncontradicted by the majority in any of our cases. Accordingly, the District Judge should not have dismissed the claim as "constitutionally insubstantial" under *Goosby*. Perhaps petitioners will ultimately fail on the merits of their suit, but §2284 entitles them to make their case before a three-judge district court.

\* \* \*

The judgment of the Fourth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*