DLD-231                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3855
_____

MATTHEW N. JONES,
                                                        Appellant

v.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 1-15-cv-00731)
District Judge:  Honorable Richard G. Andrews

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 18, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Matthew N. Jones appeals from the District Court's order dismissing his complaint for lack of subject matter jurisdiction. We will affirm.

In 2015, Jones submitted eight complaints along with motions for leave to proceed in forma pauperis ("IFP") to the United States District Court for the District of Delaware. The District Court denied all eight motions. Jones then filed the complaint at issue here against the District Court itself seeking $1,000,000 dollars in compensation for the IFP denials. (Jones paid the filing and docketing fees for this action.) Jones cited 42 U.S.C. § 1983 on the civil cover sheet and alleged that his annual income of approximately $13,000 would have qualified him for IFP status under the policies employed by the Delaware Chancery Court, but he did not assert any particular cause of action.

The District Court sua sponte dismissed Jones's complaint for lack of subject matter jurisdiction after concluding that it is entitled to sovereign immunity and that any amendment of the complaint would be futile. Jones appeals. Our review is plenary. See Stehney v. Perry, 101 F.3d 925, 929 (3d Cir. 1996).

We agree that the District Court, as part of the judicial branch of the United States Government, was entitled to sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). The District Court did not give Jones notice and an opportunity to respond on that issue before dismissing his complaint, but any error in that regard was harmless. Jones has had an opportunity to address the issue of sovereign immunity on appeal and, having exercised our plenary review, we agree that sovereign immunity bars his complaint.

2

We further conclude that Jones's complaint failed to invoke the District Court's subject matter jurisdiction for the additional reason that the complaint is "wholly insubstantial and frivolous." Shapiro v. McManus, 136 S. Ct. 450, 455 (2015) (quotation marks omitted). Whether to grant leave to proceed IFP is within the District Court's discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985). If a prospective plaintiff is dissatisfied with the District Court's denial of leave to file a complaint IFP, his or her remedy is to appeal from that final order. See Sinwell v. Shapp, 536 F.2d 15, 16 (3d Cir. 1976). There is no arguable basis for an independent action against the District Court based simply on the District Court's denial of leave to proceed IFP.[1]

Finally, we note that the same District Judge who denied Jones's previous IFP motions presided over the civil action at issue here. Jones did not name the District Judge as a defendant, and he does not argue on appeal that the District Judge should have recused himself. Even if we were to raise that issue sua sponte, we would conclude that any error in that regard was harmless in light of the District Court's clear entitlement to sovereign immunity, the patent frivolity of Jones's complaint, and our plenary standard of review. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 171 (3d Cir. 2004).

For these reasons, we will affirm the judgment of the District Court.

---

[1] Jones belatedly pursued the proper remedy by appealing from three of the District Court's orders denying IFP status, but we dismissed those appeals as untimely. (C.A. Nos. 16-1064, 16-1065 & 16-1066.)