DLD-327                                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1621
_____

JIMI ROSE,
                              Appellant
v.

BASHKIM (BOBBY) HUSENAJ; SCOOBIES, LLC; OWNERS OF SCOOBIES;
UNKNOWN LOCKSMITH FROM THE STATE OF NEW JERSEY; FIRST
FINANCIAL INSURANCE COMPANY; ISG COMPANIES; SHERYL C.
PATTERSON; INDEPENDENT CONTRACTORS FOR SCOOBIES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5:16-cv-06705)
District Judge:  Honorable James Knoll Gardner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 3, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 31, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jimi Rose appeals pro se from the District Court's order dismissing his complaint for lack of jurisdiction. For the reasons that follow, we will affirm.

In 2012, Rose leased property in Allentown, Pennsylvania to Bashkim Husenaj. According to his complaint, Rose's personal property was lost, stolen, and destroyed by Husenaj and his agents over the course of the lease. The leased property was finally destroyed by a fire. Rose has been unable to recover any lost property or obtain insurance benefits for his loss.

In 2014, Rose filed a complaint in the Eastern District of Pennsylvania against Husenaj, Husenaj's agents, brother, and cousin, the Owners of Scoobies, LLC, Unknown Locksmith, First Financial Insurance Company, ISG Companies, and Sheryl C. Patterson. See Rose v. Husenaj, E.D. Pa. Civ. No. 14-1488. The District Court dismissed the complaint for lack of jurisdiction, but provided leave to amend. Rose filed an amended complaint; however, the District Court again dismissed the complaint for lack of jurisdiction. Rose did not appeal.

In 2016, Rose filed the present complaint naming many of the same defendants as in his previous suit. The District Court granted Rose in forma pauperis status and screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court dismissed Rose's complaint as malicious, or in the alternative, for lack of jurisdiction. Rose appeals.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's dismissal for lack of subject matter jurisdiction. See Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007).

As a general matter, a district court has diversity jurisdiction over state-law claims if the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties. See 28 U.S.C. § 1332(a). Complete diversity means that "no plaintiff can be a citizen of the same state as any of the defendants." Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) (quoting Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003)). When pleading diversity jurisdiction for natural persons, a plaintiff must allege that each person is a citizen of a different state from him. Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 106 (3d Cir. 2015). "Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation." McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (internal quotation marks omitted).

"The party asserting diversity jurisdiction bears the burden of proof." Id. As explained by the District Court, Rose failed to plead the citizenship of Scoobies, LLC or the owners of Scoobies, LLC. Rose also failed to assert that Scoobies, LLC and the owners of Scoobies, LLC are not citizens of Pennsylvania. See Lincoln Ben. Life Co., 800 F.3d at 107-08 (a plaintiff may survive a facial challenge to lack of diversity jurisdiction by asserting that the members of an LLC are not citizens of plaintiff's state of

3

citizenship). Additionally, Rose's assertion that he "believes" the "contractors, servant[s], slaves, [and] lackeys" of Husenaj "reside at or with Bobby Husenaj or he knows of their whereabouts" is insufficient to plead that these agents are not citizens of Pennsylvania. Likewise, while Rose alleged that ISG-One[1] has its principle place of business in Connecticut, Rose failed to allege that ISG-One is not incorporated in Pennsylvania. See id. at 104 ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business."). Accordingly, the District Court correctly determined that it lacked diversity jurisdiction.

Rose likewise failed to invoke the District Court's federal question jurisdiction as his federal claims are "wholly insubstantial and frivolous." Shapiro v. McManus, 136 S. Ct. 450, 455 (2015) (quotation marks omitted). Rose's vague reference to "civil rights violations" and his citation to "Tile 42, Subsections 1981, 1983, 1985, & 1986" did not create a federal question. Despite Rose's bare citations, none of his claims arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, nor does Rose seek a remedy granted by the Constitution or federal law. Instead, Rose asserted state law claims of negligence, conversion, and trespass to chattels, and he claimed the defendants committed criminal acts. Rose's conclusory reference to "civil rights" does not convert his tort claims against non-state actors into constitutional claims.[2] See Beazer

_____

[1] We will assume that ISG-One is the same entity as defendant ISG Companies.

[2] The District Court appears to have concluded that Rose failed to state a federal claim on the merits. As we conclude that the District Court lacked jurisdiction, we do not reach

4

E., Inc. v. Mead Corp., 525 F.3d 255, 261 (3d Cir. 2008) (Jurisdiction does not attach "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction[.]") (citing Bell v. Hood, 327 U.S. 678, 682 (1946)). Finally, to the extent Rose sought to impose criminal liability on the defendants, he lacked standing to do so. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly, Rose's complaint did not present a federal question under § 1331.

Rose has filed numerous complaints and has been unable to invoke the District Court's jurisdiction. Accordingly, the District Court did not abuse its discretion in dismissing Rose's complaint with prejudice because amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Based on the foregoing, because no "substantial question" is presented as to the dismissal of the complaint, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

the merits of Rose's claims.