BRISCOE, Circuit Judge, dissenting.
While the majority has presented a thorough analysis in support of its ruling, I would not reach the merits of the issues presented but would instead conclude that this case is moot.[1] The Presidential Electors sued the Department under 42 U.S.C. § 1983. App. at 17-19. They seek nominal damages, a declaration that Colorado Revised Statute § 1-4-304(5) is unconstitutional, and a finding that their constitutional rights were violated. Id. at 19. As the majority explains, the Presidential Electors lack standing to pursue prospective relief. See Maj. Op. at 911-12. But an award of damages is retrospective relief, and "we consider declaratory relief retrospective to the extent that it is intertwined with a claim for monetary damages that *957 requires us to declare whether a past constitutional violation occurred." PeTA v. Rasmussen , 298 F.3d 1198, 1202-03 & n.2 (10th Cir. 2002). Therefore, the question is whether the retrospective relief sought can sustain this case. I would conclude that it cannot because "a State is not a 'person' against whom a § 1983 claim for monetary damages might be asserted."[2] Lapides v. Bd. of Regents , 535 U.S. 613, 617, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002).
"Under settled law, we may dismiss th[is] case [as moot] ... only if 'it is impossible for a court to grant any effectual relief whatever' to [the Presidential Electors] assuming [they] prevail[ ]." Mission Prod. Holdings, Inc. v. Tempnology, LLC , --- U.S. ----, 139 S. Ct. 1652, 1660, 203 L.Ed.2d 876 (2019) (quoting Chafin v. Chafin , 568 U.S. 165, 172, 133 S.Ct. 1017, 185 L.Ed.2d 1 (2013) ). "[A] claim for money damages ...., if at all plausible, ensure[s] a live controversy." Id. "If there is any chance of money changing hands, [the] suit remains live." Id.
No such chance exists. Section "1983 creates no remedy against a State." Arizonans for Official English v. Arizona , 520 U.S. 43, 69, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ; see also Will v. Mich. Dep't of State Police , 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[A] State is not a person within the meaning of § 1983."). By suing the Department, the Presidential Electors have sued the state of Colorado. Ross v. Bd. of Regents , 599 F.3d 1114, 1117 (10th Cir. 2010) (explaining that state agencies, as arms of the state, are not persons under § 1983 ). Therefore, § 1983 affords the Presidential Electors "no remedy against" the Department. Arizonans , 520 U.S. at 69, 117 S.Ct. 1055.
Absent a plausible claim for nominal damages, this case is moot. Id. (claim for nominal damages in § 1983 suit against state was not "sufficient to overcome mootness [because the claim] was nonexistent"); Lankford v. City of Hobart , 73 F.3d 283, 288 (10th Cir. 1996) ("[T]he lack of an appropriate remedy moots [the plaintiffs'] claims for relief[ under Title VII]. ... [B]ecause no legal remedies are available to plaintiffs a verdict in their favor would do little more than provide them with emotional satisfaction.").[3] Because we can *958 grant no relief, this case presents "an abstract dispute about the law, unlikely to affect these plaintiffs any more than it affects other ... citizens. And a dispute solely about the meaning of a law ... falls outside the scope of the constitutional words 'Cases' and 'Controversies.' " Alvarez v. Smith , 558 U.S. 87, 93, 130 S.Ct. 576, 175 L.Ed.2d 447 (2009).
It makes no difference that the Department has waived Eleventh Amendment sovereign immunity. Supp. App. at 116. "The barrier [to recovering nominal damages i]s not ... Eleventh Amendment immunity, which the State could waive. The stopper [i]s that § 1983 creates no remedy against a State." Arizonans , 520 U.S. at 69, 117 S.Ct. 1055 ; see also Will , 491 U.S. at 85, 109 S.Ct. 2304 (Brennan, J., dissenting) ("If states are not 'persons' within the meaning of § 1983, then they may not be sued under that statute regardless of whether they have consented to suit.").
Nor can the Department save this case from mootness by waiving "the argument that it is not a 'person' under § 1983." Supp. Br. at 1; see Estate of Harshman v. Jackson Hole Mountain Resort Corp. , 379 F.3d 1161, 1164 (10th Cir. 2004) ("[I]t is well established that the parties may not by stipulation invoke the judicial power of the United States in litigation which does not present an actual 'case or controversy.' " (quotation marks omitted)). The majority concludes that "Mr. Baca may prevail on his claim and be entitled to nominal damages" because "the Department ... has expressly waived the argument that it is not a person under § 1983."[4]
*959 Maj. Op. at 924-25. We may not "recognize a cause of action that Congress has denied." Lexmark Int'l, Inc. v. Static Control Components, Inc. , 572 U.S. 118, 128, 134 S.Ct. 1377, 188 L.Ed.2d 392 (2014). " Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will , 491 U.S. at 66, 109 S.Ct. 2304. The parties cannot "circumvent congressional intent by" agreeing to waive an element of the Presidential Electors' § 1983 claim. See id. at 71, 109 S.Ct. 2304. Moreover, we are not bound to follow "a rule of law whose nonexistence is apparent on the face of things, simply because the parties agree upon it." U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc. , 508 U.S. 439, 447, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (quotation marks omitted); see also O'Connor v. City & Cty. of Denver , 894 F.2d 1210, 1226 (10th Cir. 1990) ("[A] party may not compel a court to decide a constitutional argument, especially one of some difficulty, by stipulation." (quotation marks omitted)).
The majority distinguishes this case from Arizonans by explaining that, in Arizonans , "it was not the failure of the improvised nominal-damages claim under § 1983 that mooted the case; it was [the plaintiff]'s departure from state employment." Maj. Op. at 923. I understand the holding in Arizonans to turn on whether the plaintiff could obtain prospective or retrospective relief. Even without the claim for prospective relief (which was unavailable because the plaintiff no longer worked for the state), the case would not have been moot if the plaintiff could obtain nominal damages. Utah Animal Rights Coal. v. Salt Lake City Corp. , 371 F.3d 1248, 1257 (10th Cir. 2004). But the plaintiff's claim for nominal damages was futile because the defendant was a state. Arizonans , 520 U.S. at 69, 117 S.Ct. 1055. Therefore, neither prospective nor retrospective relief was available. Id. at 68-71, 117 S.Ct. 1055. As in Arizonans , the Presidential Electors cannot obtain a prospective declaratory judgment. All that is left is their claim for nominal damages and the attendant retrospective declaratory relief. Because the Presidential Electors have sued a state, their claim for nominal damages is futile. See id. at 69, 117 S.Ct. 1055. Therefore, the outcome here should be the same as in Arizonans .
The majority also concludes that " Arizonans does not teach that any claim for damages against a state pursuant to § 1983 is moot; it stands for the narrower proposition that a last-minute claim for legally unavailable relief cannot overcome certain mootness." Maj. Op. at 923-24. I disagree. Arizonans did more than discuss the timeliness of the nominal damages claim. 520 U.S. at 68, 71, 117 S.Ct. 1055. Before encouraging "close inspection" of "a claim for nominal damages, extracted late in the day ... and asserted solely to avoid otherwise certain mootness," id. at 71, 117 S.Ct. 1055, the Court explained that " § 1983 creates no remedy against a State," id. at 69, 117 S.Ct. 1055. The Court's discussion of whether " § 1983 actions ... lie against a State" would be unnecessary if Arizonans was only a case about when a plaintiff has delayed too long in raising a claim for nominal damages "to overcome mootness." Id. Nor do I think the timeliness is the most relevant consideration; a futile claim for damages prevents us from granting relief regardless of when the claim was raised by a plaintiff.
Because we cannot grant relief to the Presidential Electors, I would dismiss the appeal as moot.

"We can raise issues of standing and mootness sua sponte because we 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.' " Collins v. Daniels , 916 F.3d 1302, 1314 (10th Cir. 2019) (quoting Arbaugh v. Y&H Corp. , 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ). As discussed in the majority opinion, we requested supplemental briefing on mootness. Maj. Op. at 904-05.

Without an award of nominal damages, a retrospective declaration that the Presidential Electors' rights were violated "would amount to nothing more than a declaration that [they] w[ere] wronged." Green v. Branson , 108 F.3d 1296, 1300 (10th Cir. 1997). "[I]n the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant." Jordan v. Sosa , 654 F.3d 1012, 1025 (10th Cir. 2011). Therefore, whether this case is moot depends on whether the Presidential Electors can plausibly recover nominal damages.

The majority concludes that "we may not consider the merits of the personhood argument because the mootness inquiry 'in no way depends on the merits of the plaintiff's contention.' " Maj. Op. at 925 (quoting Keller Tank Servs. II, Inc. v. Comm'r , 854 F.3d 1178, 1194 (10th Cir. 2017) ). At the pleading stage, a plaintiff must invoke our power to adjudicate a case by sufficiently alleging the prerequisites to subject-matter jurisdiction. See Shapiro v. McManus , --- U.S. ----, 136 S. Ct. 450, 455, 193 L.Ed.2d 279 (2015) ("[A plaintiff] fail[s] to raise a substantial federal question for jurisdictional purposes [when his claim is] ... 'wholly insubstantial and frivolous.' " (quoting Bell v. Hood , 327 U.S. 678, 682-83, 66 S.Ct. 773, 90 L.Ed. 939 (1946) ); Memphis Light, Gas & Water Div. v. Craft , 436 U.S. 1, 8-9, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978) (implying that a "claim for damages [that] ... is ... so insubstantial or so clearly foreclosed by prior decisions" would not "save[ a] ca[se] from the bar of mootness"). Because the Presidential Electors have sued the Department under § 1983, the availability of nominal damages is clearly foreclosed by Lapides , Arizonans , and Will . It is therefore appropriate to consider the "personhood argument" in relation to mootness. See Arizonans , 520 U.S. at 69, 117 S.Ct. 1055 ; Memphis Light , 436 U.S. at 8-9, 98 S.Ct. 1554.
Other courts have similarly concluded that a futile claim for damages cannot sustain an otherwise moot case. Int'l Bhd. of Teamsters, Local Union No. 639 v. Airgas, Inc. , 885 F.3d 230, 237 (4th Cir. 2018) (claim for damages did not prevent mootness because there was no "possibility of damages"); Tanner Advert. Grp. v. Fayette Cty. , 451 F.3d 777, 786 (11th Cir. 2006) (en banc) ("A request for damages that is barred as a matter of law cannot save a case from mootness."); Johnson v. City of Shorewood , 360 F.3d 810, 816 (8th Cir. 2004) (reasoning that a "claim would be moot because [a court] could not grant the relief the [plaintiffs] s[ought]"); Gottfried v. Med. Planning Servs., Inc. , 280 F.3d 684, 691 (6th Cir. 2002) ("[A] key question [in the mootness inquiry] ... is whether [the plaintiff] has a viable claim for damages."); see also Nat'l Iranian Oil Co. v. Mapco Int'l, Inc. , 983 F.2d 485, 490 (3d Cir. 1992) ("A claim for money damages is moot only if it will never be possible for the defendant to provide any relief."); 13C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3533.3 (3d ed. 2019) ("[I]f other relief is sought and has become moot, it is appropriate to dismiss the action as moot, without deciding the merits of the claimed wrong, if damages are not legally available for that wrong or the defendant is immune.").

I would not entertain the parties' attempt to rewrite the Presidential Electors' pleadings on the fly. The parties urge us to overlook the Presidential Electors' deficient pleadings because "any alleged defect is a technicality in the purest sense: it does not affect, in any way, the substantive ability of [the Presidential Electors] to bring an identical legal claim .... against the former Secretary in his individual capacity." Supp. Br. at 17. In the parties' eyes, "[s]uch a case would be, in every respect, identical to that here." Id. A claim against the former Secretary in his individual capacity is not identical to a claim against the Department; they are different defendants. The Secretary, sued in his individual capacity, is a person. The Department is an arm of the state of Colorado. Only one can be sued under § 1983. Will , 491 U.S. at 64, 109 S.Ct. 2304. The Presidential Electors initially sued the former Secretary in his individual capacity. See Dist. Ct. Dkt. No. 30 at 1. But then the parties agreed to amend the pleadings by substituting the Department for the former Secretary. Id. The parties intended to "streamlin[e] this case and postur[e] their claims and defenses in a way that w[ould] lead to a ruling that provides guidance for the 2020 presidential election." Id. At that time, the parties understood that they had "restructure[ed] the case in a significant way." Id.