Graceful LLC v. Master Holdings Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand nineteen.

PRESENT:
JOHN M. WALKER, JR.,
SUSAN L. CARNEY,
   *Circuit Judges*,
JOHN G. KOELTL,
   *District Judge.**

---

Guru Persaud Hariprasad,

   *Plaintiff-Appellant*,

Graceful LLC,

   *Plaintiff*,

   v.            18-3623

Master Holdings Inc., Red Hills Holdings LLC,

   *Defendants-Appellees*.

---

* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:

Guru Persaud Hariprasad, pro se, Jamaica, NY.

FOR DEFENDANT-APPELLEE MASTER
HOLDINGS INC.:

No appearance.

FOR DEFENDANT-APPELLEE RED
HILLS HOLDINGS LLC:

Ralph L. Puglielle, Jr., Drake Loeb PLLC, New Windsor, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 14, 2018 judgment of the District Court is **AFFIRMED**.

Appellant Guru Persaud Hariprasad, proceeding pro se, appeals from the District Court's judgment dismissing his amended complaint for lack of subject matter jurisdiction. Hariprasad principally alleges that Appellees Master Holdings Inc. and Red Hills Holdings LLC improperly foreclosed on his property. He asserts that his claims implicate the Truth in Lending Act ("TILA"), the Consumer Financial Protection Act of 2010 ("CFPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), federal criminal statutes regarding counterfeits and fraud, as well as Article III and the Due Process and Equal Protection Clauses of the U.S. Constitution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

On appeal from a judgment dismissing a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), we review the District Court's factual findings for clear error and its legal conclusions *de novo*. *See Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008) (per curiam). This Court affords a pro se litigant "special solicitude" by interpreting a complaint filed pro se "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations and internal quotation marks omitted). We

may affirm the judgment on any basis supported by the record, "including grounds upon which the district court did not rely." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

We have held that the plaintiff bears the burden of establishing subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Although the Supreme Court has cautioned against eliminating the distinction "between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits," the Supreme Court has also instructed that federal question jurisdiction under 28 U.S.C. § 1331 is lacking where the asserted claim for relief is "'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit.'" *Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015). Applying this standard, we agree with the District Court that Hariprasad failed to raise a colorable federal claim and therefore that the District Court had no subject matter jurisdiction over Hariprasad's suit.

First, Hariprasad lacks standing to raise civil claims under the criminal statutes he cites, which concern uttering and dealing in counterfeit obligations and securities and mail fraud: a criminal statute does not routinely create a private right of action without a specific statutory basis for implying one. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("[T]his Court has rarely implied a private right of action under a criminal statute, and where it has done so there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." (internal quotation marks omitted)). Hariprasad identifies no basis for implying a private right of action under the statutes he cites. *See* 18 U.S.C. §§ 472, 473, 1341; *see also, e.g.*, *Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (holding that section 1341 "do[es] not provide a private right of action").

3

Second, the TILA was enacted to "protect consumers against inaccurate and unfair credit billing and credit card practices and promote the informed use of credit by assuring a meaningful disclosure of credit terms." *Strubel v. Comenity Bank*, 842 F.3d 181, 186 (2d Cir. 2016) (internal quotation marks omitted). The TILA generally requires that lenders "provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). *See generally* 15 U.S.C. § 1601 *et seq.* Hariprasad's allegations here—that Appellees failed to present an original note at his request and lacked standing to foreclose on his property—do not implicate these requirements.

Similarly, even assuming that the CFPA provides for a private right of action, it is unclear what provision of the CFPA Hariprasad contends Appellees violated. The CFPA requires creditors to make certain disclosures to consumers on request, *see* 12 U.S.C. § 5533, but it does not require that creditors produce an "original note," as Hariprasad claims Appellees failed to do here.

Third, Hariprasad requests "judgment" under RICO. RICO criminalizes certain conduct involving a "pattern of racketeering activity" and provides a civil cause of action for some injuries caused by RICO violations. *See* 18 U.S.C. §§ 1962(a), 1964(c); *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2096-97 (2016). Hariprasad failed to raise a colorable civil RICO claim because he alleged at most two violations of 18 U.S.C. §§ 472 and 473, each by unrelated parties. This is an insufficient basis on which to find a RICO pattern. *See* 18 U.S.C. § 1961(4), (5) (defining an "enterprise" and a "pattern of racketeering activity").

Fourth, Hariprasad invokes Article III, sections 1 and 2, of the U.S. Constitution as an independent basis for federal jurisdiction. Article III establishes the authority of federal courts, but Hariprasad did not demonstrate that his claims fall within that authority. Hariprasad also refers in

4

his briefing to the Constitution's Due Process and Equal Protection Clauses. The basis for these claims is obscure, however, and the amended complaint cannot be construed to raise a colorable claim under 42 U.S.C. § 1983 because Hariprasad did not allege that Appellees acted "under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law.").

Hariprasad's additional arguments are also unavailing. The District Court had personal jurisdiction over Hariprasad because he subjected himself to the court's jurisdiction by initiating and appearing in this lawsuit. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). Although Hariprasad contends that the District Court misinterpreted and improperly voided a contract between the parties, the court's decision did not involve the interpretation of a contract, and it did not void a contract. The court did not deny Hariprasad due process by dismissing the complaint without holding a jury trial: it was obligated to dismiss the complaint upon determining that it lacked subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Hariprasad suggests that the court unlawfully interfered with his choice of an attorney, but does not identify any specific acts of interference.

Finally, Hariprasad moves this Court for leave to supplement the record on appeal. We deny the motion because he has not shown that the document he seeks to introduce is "material" to this appeal or that it was "omitted from . . . the record by error or accident." Fed. R. App. P. 10(e)(2). We can identify no basis to grant Hariprasad's request for reconsideration of this Court's decision to deny oral argument. *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (explaining the law of the case doctrine generally requires this Court to adhere to its prior rulings on an issue in the same case "unless cogent and compelling reasons militate otherwise" (internal quotation

marks omitted)). To the extent Hariprasad requests an explanation of this denial, we observe that the basis for our decision—our determination that it is "unnecessary"—has already been stated. Hariprasad also moves to "correct" his status in this Court and for an order staying state court proceedings pending decision in this appeal. These motions are denied as moot.

We have considered all of Hariprasad's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the District Court. Hariprasad's motions to supplement the record on appeal, for reconsideration, to correct his status, and to stay state court proceedings are **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court