NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY JODI JELOUDOV, | No. 20-17345 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-02492-VC |
| v. | MEMORANDUM* |
| WELLS FARGO BANK, N.A.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Gregory Jodi Jeloudov appeals pro se from the district court's judgment

dismissing her action alleging federal and state law claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Prather v. AT&T, Inc.*, 847 F.3d

1097, 1102 (9th Cir. 2017) (dismissal for lack of subject matter jurisdiction);

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (dismissal under Fed. R. Civ. P. 12(b)(6)).  We affirm.

The district court properly dismissed on the basis of res judicata Jeloudov's claims alleging workplace discrimination and harassment because they involved the same primary right raised in a prior state court action that resulted in a final judgment on the merits.  *See San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (federal court must follow state's preclusion rules to determine effect of a state court judgment; discussing elements of claim preclusion under California law); *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (under the primary rights theory, "a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though [she] presents a different legal ground for relief" (citation and internal quotation marks omitted)); *see also In re Estate of Redfield*, 124 Cal. Rptr. 3d 402, 407 (Ct. App. 2011) ("A dismissal with prejudice following a settlement constitutes a final judgment on the merits.").

The district court properly dismissed Jeloudov's remaining claims for lack of subject matter jurisdiction because Jeloudov failed to allege a federal question. *See Shapiro v. McManus*, 577 U.S. 39, 45 (2015) (claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes").

The district court did not abuse its discretion in taking judicial notice. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (standard of review).

The district court did not abuse its discretion by dismissing Jeloudov's complaint without leave to amend because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject as unsupported by the record Jeloudov's contentions that the district court was biased against her.

Jeloudov's motion for default (Docket Entry No. 7) is denied.

**AFFIRMED.**

20-17345