**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SOPHIE RIDER,

           Plaintiff-Appellant,

  v.

JEANNIE FULLER; JENNIFER FULLER;
BERNARD ANDERSON; ERIN
BARDALES, AKA Erin Sooper, AKA Erin
Valarde; DOES, 1 to 5, inclusive,

           Defendants-Appellees.

No. 22-56075

D.C. No. 2:22-cv-02913-SB-AFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted April 16, 2024[**]

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

Plaintiff-Appellant Sophie Rider appeals from the district court's dismissal

of her complaint without prejudice for lack of subject matter jurisdiction. We have

jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see United States ex rel.*

*Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1126 (9th Cir. 2015) (en

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

banc), we affirm.

Rider's operative second amended complaint asserts claims for intentional infliction of emotional distress, slander, "false allegations" (alleging, in substance, trespass and theft), and false imprisonment. Named as Defendants, in one or more of these claims, are Rider's next-door neighbor, Jeannie Fuller (who the complaint alleges is now a retired officer with the Torrance Police Department), as well as Fuller's daughter and two other Torrance police officers. Rider's sole asserted basis for invoking federal court jurisdiction is that one or more of these claims states a cause of action arising under 42 U.S.C. § 1983.

In dismissing Rider's previous complaints with leave to amend, the district court explained that § 1983 does not provide a remedy for state law torts and that Rider would have to adequately plead sufficient facts to support a non-frivolous claim under § 1983. In particular, the court noted that the complaint failed to plead sufficient facts establishing either the state-action element of a § 1983 claim or any basis for concluding that Rider's claims based on long-ago conduct were not barred by the statute of limitations. After affording Rider two opportunities to cure these deficiencies, the district court held that Rider's effort to assert a § 1983 claim was so wholly insubstantial and frivolous that it did not even suffice to give rise to federal jurisdiction. *See Shapiro v. McManus*, 577 U.S. 39, 45–46 (2015) (citing *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

2

We agree with the district court that Rider's effort to invoke § 1983 is "wholly insubstantial and frivolous" and therefore fails to provide any basis for federal question jurisdiction. *See Bell*, 327 U.S. at 682–83. Nearly all of the conduct alleged in the complaint involves private disputes between Rider and Fuller, including disputes in state court concerning a restraining order that Fuller obtained, and sought to have extended, against Rider. The complaint fails to plead any facts that would support a non-frivolous claim that Fuller took the alleged actions under color of state law, as required to state a § 1983 claim. *See Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) ("Invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement."). Although the complaint also alleges that Fuller conspired with the Defendant police officers to have Rider taken into civil custody on false pretenses, that alleged conduct occurred in 2014 and there is no non-frivolous basis for concluding that Rider's reliance on such a theory raises a valid § 1983 claim. *See Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004) (holding that § 1983 claims are governed by "the statute of limitations for personal injury actions in the forum state," which in California is two years (citing CAL. CODE CIV. P. § 335.1)). Finally, although the complaint alleges that, at some unspecified time, Fuller called the police, who then drove by Rider's house "slowly with intimidating stares," any contention that such

3

conduct, without more, is actionable under § 1983 is wholly frivolous.

Because Rider's effort to shoehorn her state law claims into the framework of § 1983 was wholly insubstantial and frivolous, the district court properly concluded that her complaint failed to invoke the district court's federal question jurisdiction under 28 U.S.C. § 1331. And because Rider and her next-door neighbor were obviously not of diverse citizenship, there was no basis for diversity jurisdiction. The court therefore properly dismissed this action for lack of subject matter jurisdiction.

**AFFIRMED.**